### The President and Directors of the Franklin Bank of Baltimore *vs.* E. G. Matthews & Co

*Attachment—Practice— Withdrawal of the Original Vouchers, or Causes of Action.*

The original vouchers or causes of action in an attachment case, may be withdrawn from the files by a special order of the Court, upon leaving copies thereof made by the clerk, without invalidating the attachment proceeding.

APPEAL from the Superior Court of Baltimore City.

On the 19th of August, 1887, the Franklin Bank sued out of the Superior Court of Baltimore City, an attachment on warrant for $4,735.63, against one William Lorman Roberts, as an absconding debtor. On the same day the attachment was laid, as per schedule, on the defendant's interest in schooner "William Lorman Roberts;" on the 25th of August, 1887, on his interest in schooner "Rose Esterbrooke," and on the 22nd of August, 1887, it was laid in the hands of Thomas Shields. On the 20th of August, 1887, the plaintiff, filed a petition to the Judge of the

Superior Court, for leave to withdraw its vouchers, for the purpose of issuing an attachment thereon in Baltimore County, and the Court passed the usual order allowing the withdrawal, on copies being left. They were accordingly withdrawn, duly attested copies being left; and on the same day, the plaintiff sued out of the Circuit Court for Baltimore County, on the same vouchers, an attachment against the same defendant. On the 19th of August, 1887, E. G. Matthews & Co., sued out of the Superior Court of Baltimore City, an absconding debtor attachment for $1,985 against the same defendant, which, on the 22nd of August, was laid on the schooner "William Lorman Roberts," and on the 25th of August, on the schooner "Rose Esterbrooke." On the 8th of October, 1887, the same parties sued out another attachment from the same Court against the same defendant on another claim of $1,400, and this on the same day was laid in the hands of Thomas Shields. On the 10th of October, 1887, E. G. Matthews & Co., as junior attaching creditors, filed a motion to quash the attachment of the Franklin Bank, on the ground that it had withdrawn the original vouchers and sued out another attachment on them against the same defendant, from the Circuit Court for Baltimore County. And on the 9th of December, 1887, they filed another motion to quash the garnishment, under the Bank's attachment of Thomas Shields, on the same ground. On these motions the Court, (PHELPS, J.,) passed an order on the 10th of January, 1888, quashing the attachment. From this order the present appeal is taken.

The cause was argued before ALVEY, C. J., STONE, MILLER, ROBINSON, BRYAN, and McSHERRY, J.

*John J. Donaldson*, for the appellant.

It is undisputed that every jurisdictional fact was complete and regular at the time the writ issued. And it is clear law that jurisdiction once acquired cannot be ousted by matter *ex post facto*. *Ober vs. Gallagher*, 93 *U. S.*, 205-6; *Field vs. Shoop*, 6 *Ill. App.*, 445; *Wheeler vs. Slavens*, 13 *Sm. & M.*, 623, 630. See *Drake on Att.*, sec. 67; *Larimer vs. Kelly*, 10 *Kans.*, 298.

But even if the withdrawal of the vouchers was an irregularity, the defect was cured by filing duly attested copies according to the Court's order, which are all that is needed. *McAllister vs. Eichengreen*, 34 *Md.*, 57.

The whole matter would seem, however, to be settled by the Act of 1867, ch. 418.

*John L. Thomas*, for the appellees.

The proceeding by attachment against a non-resident or absconding debtor, is a special and limited one, and must be pursued in the mode pointed out by the statute, and in no other way, and no *intendment* or *presumption*, will be made in its support. 2 *Poe, Plead. & Prac.*, sec. 502. *and cases there cited; Wooster vs. McGee*, 1 *Texas*, 17; *Coldwell vs. Haley*, 3 *Texas*, 317.

The voucher upon which the affidavit is made must be produced, and the affidavit must show that it was produced before the justice at the time it is made, and the voucher must be annexed to the affidavit in order that its sufficiency may be judged of as a basis for the attachment. 2 *Poe, Plead. & Prac.*, sec. 513; *Prentiss and Carter vs. Gray*, 4 *Harr. & J.*, 192; *Barney vs. Patterson*, 6 *Harr. & J.*, 200; *Dawson vs. Brown & Co.*, 12 *Gill & J.*, 60; *White vs. Solomonsky*, 30 *Md.*, 585.

The affidavit, the vouchers and the warrant, constitute one paper; each part is essential to the validity

of the whole. The absence of any one of them renders the whole proceeding void. The clerk of the Court cannot issue the attachment without the warrant; the justice has no right to sign the warrant, in the absence of the affidavit and the vouchers; and the absence of any one of these essential features, defeats the attachment. 2 *Poe, Plead. & Prac.*, secs. 510, 513, 514, 518; *Cumb. Coal and Iron Co. vs. Hoffman Steam Coal Co.*, 22 *Md.*, 495; *White vs. Solomonsky*, 30 *Md.*, 585.

Having lodged with the clerk of the Court the affidavit, vouchers and warrant, the clerk is authorized to issue the attachment, and from that time the clerk is the custodian of the papers, not for the benefit of the plaintiff, but of all parties concerned. As soon as lodged with the clerk the attachment papers become public records. No one has the right to withdraw, alter or change them. They must remain in Court subject to the proper inspection of parties interested in the cause. *Code of* 1878, *Art.* 57, sec. 1; 2 *Poe, Plead. & Prac.*, sec. 536.

The appellant had no right to withdraw the vouchers from the custody of the clerk, after having once filed them, any more than it had the right to withdraw the original affidavit or warrant. To allow it to do so, would be to defeat the object of the attachment laws in requiring the vouchers to be a part of the proceeding. The Court in signing the order, gave the plaintiff the right to withdraw its vouchers, but by so doing the appellant withdrew the foundation upon which its attachment rested, and with the withdrawal of the vouchers abandoned the attachment. The withdrawal of the affidavit or the warrant, could not have been more fatal to the attachment. *Wheeler vs. Slavens*, 13 *Sm. & M.*, 623.

If the vouchers upon which the writ of attachment, issued by the appellant on the 19th of August, 1887,

had been and were withdrawn by the appellant, at the time said writ was laid in the hands of Thomas Shields as garnishee, to wit, on the 22d of August, 1887, then, there was not a valid attachment in existence at the time of the levy in the hands of Shields, and hence the garnishment is void. 1 *Wade on Attachment*, sec. 219 ; *Willis vs. Crooker*, 1 *Pick.*, 204 ; *Fairfield vs. Baldwin*, 12 *Pick.*, 388 ; *Fairbanks vs. Stanley*, 18 *Me.*, 296 ; *Young vs. Broadbent*, 23 *Ia.*, 539.

ALVEY, C. J., delivered the opinion of the Court.

The question in this case is a very narrow one, and is one of practice simply. Whether it was competent to the Superior Court, without invalidating the attachment proceeding, to allow the original causes of action, consisting of two notes and an open account, exhibited to the magistrate, and filed with the warrant to the clerk to issue the writ of attachment, to be withdrawn from the files of the Court, upon leaving copies thereof made by the clerk, is the only question that need be decided on this appeal. And, in view of the long existing practice in the Courts of this State, and the necessity and convenience of the thing, to meet certain requirements that often occur, we are of opinion that the withdrawal of the notes and account, upon leaving copies, did not affect or in any way impair the validity of the attachment proceeding. It is certainly true, that, by the terms of the statute, the plaintiff in attachment on warrant is required to produce to the justice or other officer before whom the affidavit is made, "the bond, account, or other evidences of debt," by which the defendant is indebted to the plaintiff, and upon which the warrant shall issue to the clerk ; "and upon the receipt of said warrant, with the proofs on which the same was granted, and not otherwise, the clerk shall issue the attachment." But notwithstand-

ing this requirement, as the foundation for issuing the attachment, it does not follow that the original vouchers or causes of action shall always remain in the papers, and shall for no purpose be allowed to be withdrawn. Suppose, for example, a party to have a note for $5000, and he has an opportunity of making $1000 of it by attachment in one jurisdiction, and he sues out his attachment for that purpose, and he afterwards discovers that he can make the residue of the note by resort to an attachment in another jurisdiction, is there any principle or rule of practice that requires the note to be impounded in the first case, so as to prevent the resort to the second attachment? We think not. All rules of practice should be founded in reason and convenience, and should be made to subserve the ends of justice. And in attachment cases, as in other cases, the original vouchers or causes of action may be withdrawn from the files, by special order of the Court; but in all cases it should be allowed with caution, and only upon sufficient reason shown, and in no case except upon certified copies being left in the place of the originals, as was done in this case.

It is urged that the practice of allowing the original vouchers to be withdrawn may, and will likely, operate to the prejudice of parties whose interest and right it may be to oppose and defeat the attachment. But we do not apprehend danger of any such consequences. Whenever the original vouchers may be required, they must be produced; so that no person interested in the attachment proceeding shall be in any manner prejudiced in his rights by the withdrawal of such original vouchers. If the genuineness or validity of the vouchers be called in question by any person interested and authorised to raise such issue, the originals may be required to be reproduced and proved as if they had never been withdrawn from the

files. This would seem to furnish all the necessary safeguard that the rights of parties interested could in reason require. And such being the opinion of this Court, it follows, that the judgment of the Court below, quashing the attachment upon the ground of the withdrawal of the original vouchers, must be reversed, and the cause be remanded to be proceeded with as if the attachment had never been quashed.

*Judgment reversed, and*
*cause remanded.*

(Decided 12th June, 1888.)