## OTHO N. JOHNSON *vs.* GRANT STOCKHAM AND CLARA E. STOCKHAM.

*Attachment—Res Adjudicata—Judgment Upon Jurisdictional Ground in one Attachment not a Bar to Another for Same Cause of Action—Withdrawal of Voucher—Right to Open and Close on Motion to Quash.*

In order to support an attachment the existence of certain facts are requisite in order to give the Court jurisdiction, as well as the existence of an indebtedness on the part of the defendant to the plaintiff. If an attachment is quashed because some of these jurisdictional requisites are absent, whether their absence be apparent on

the face of the proceedings or established by evidence, that is not such an adjudication on the merits as prevents some other Court from maintaining an attachment for the same debt between the same parties, whether previously or subsequently issued.

Plaintiff sued out of the Circuit Court for Harford County an attachment against defendant, alleging that the debt had been fraudulently contracted and that the defendant was about to dispose of his property with intent to defraud his creditors; and on the same day another attachment between the same parties and on the same grounds was sued out of the Superior Court of Baltimore City, where defendant was a non-resident. Under each of these writs different property belonging to the defendant was seized. Defendant appeared in the Superior Court only for the purpose of moving to quash the attachment and that Court quashed the same upon the ground that the allegations upon which it was based were not proved. *Held*, that this judgment was not such an adjudication as prevents the Circuit Court for Harford County from determining the similar questions there involved, because the judgment of the Superior Court was only upon the question of jurisdiction and being made in a proceeding *in rem* determined only the liability of the particular property there attached and it makes no difference upon what grounds that judgment was founded.

Upon the trial of a motion to quash an attachment on the ground of *res adjudicata*, the plaintiff is entitled to open and close.

When a voucher was filed in an attachment case but the same was withdrawn by leave of Court, and a copy thereof does not appear in the record as transmitted on appeal, this Court cannot assume that the voucher was insufficient and that the attachment was properly quashed on that ground.

Under Rule 7 of the Court of Appeals, when a defendant has appeared it is the duty of the Clerk to omit from the transcript of the record on appeal, the writ of summons.

Appeal from the Circuit for Harford County (WATTERS, J.)

The cause was argued before McSHERRY, C. J., FOWLER, BRISCOE, PAGE, BOYD and SCHMUCKER, JJ.

*Stevenson A. Williams* and *Vernon Cook*, for the appellants.

The Court below erred in taking up and considering the question of *res adjudicata vel non* on motion to quash. This Court has frequently affirmed the right of the Court, before which an attachment is pending, to hear and de-

termine a motion to quash matters described as being " *dehors* the record," or " *dehors* and extrinsic the proceedings." *Farrell* v. *Farnen*, 67 Md. 83; *Stewart* v. *Katz*, 30 Md. 334; *Howard* v. *Oppenheimer*, 25 Md. 361; *Barnes* v. *Gover*, 15 Md. 576; *Lambdin* v. *Bowie*, 2 Md. 338; *Barr* v. *Perry*, 3 Gill, 323; *Stone* v. *McGruder*, 1 G. & J. 386; *Ranahan* v. *O'Neale*, 6 G. & J. 301.

The cases group themselves as follows:

1. Those showing that the attachment issued irregularly. Under this head we have: (*a.*) Those where defects for reasons apparent on the face of the paper exist. Instances of this kind are defective affidavits, short notes, etc. (*b.*) Those where some jurisdictional fact is controverted which can only be made to appear by evidence *dehors* or extrinsic the proceedings. Instances of this kind are where the defendant controverts the allegations of the affidavit as to non-residence, fraud, etc.; and—

2. Those where it is alleged that the property attached does not belong to the defendant.

If this be the correct classification of the reasons for motions to quash in all cases decided by this Court, and appellant contends that it is, then the defence of *res adjudicata* cannot be made by motion to quash, but must be pleaded. It does not show that the attachment issued irregularly, nor is it connected in any way with any of the facts upon which jurisdiction depends, nor with the property *vel non* in the defendant.

The reason assigned by JUDGE CHASE, in *Campbell* v. *Morris*, 3 H. & McH. 535, why the Court is permitted to pass upon the questions raised by the motion to quash is that the attachment is a summary proceeding, and this reason, it is submitted, obtains its force from the fact that upon complying with certain requirements of the law a plaintiff may secure an execution before trial or determination of the issues involved in this case. In view of this privilege it is no hardship to the plaintiff that the defendant should be permitted a speedy hearing of all facts which

tend to show that the plaintiff obtained such unusual priv-
ilege irregularly, or that he is attempting to take property
thereunder not belonging to the defendant, and this before
the Court or Judge through whom he has obtained his
summary remedy, without the intervention of a jury or
other tribunal.   If, however, the defence does not concern
the issuing of the attachment or the attempt to take prop-
erty other than that of the defendant, it is not within Judge
Chase's reasoning, nor that of the subsequent opinions of
the Court; and this method of making such a defence
should not be extended merely because in the discussion of
such defences as are permitted under the motion to quash,
the language "*dehors* or extrinsic the proceedings" has
been given a seemingly broader meaning than the reason
justifies, or the facts of the adjudged cases show have ever
been allowed.

   To prove the fact alleged in their additional reason,
namely, that the same question between the same parties,
over the same subject-matter, had been determined by a
judgment of the Superior Court of Baltimore City, appel-
lees offered a paper purporting to be truly taken from the
record of proceedings of said Court in a cause therein
named.   It does not profess to be a full transcript of the
proceedings in said cause, and an examination of the docket
entries accompanying shows that a large part of the Court's
proceedings therein, indeed all the evidence upon which the
Court acted, and the judgment itself, are omitted.   A com-
parison of this so-called record with that in No. 19 of this
term, which is the very case in controversy, shows this
very. clearly.    In *Goldsmith* v. *Kilbourne's Ex'rx*, 46 Md.
289; *Boteler and Belt* v. *State*, 8 G. & J. 359; and in *Jones*
v. *Jones*, 45 Md. 150, it is held by the Court that the
proper mode of proving the proceedings and judgments of
one of the Courts in Baltimore in any other Court is by the
production of a transcript thereof, under seal, duly certified,
and also that docket entries are not admissible for that pur-
pose.

The only evidence of any judgment of the Court to be gotten from the so-called transcript is from the docket entry "attachment quashed." A record which omits any part of the proceedings is defective and equivalent to no record, particularly the very part which is necessary for the ascertainment of the Court's action. Defendants had the choice of producing a complete transcript or the original papers under the Act of 1890, chapter 318.

Samuel Regester, an attorney for the defendants, should not have been allowed to prove the identity of the questions involved in the two attachment proceedings by vague and indefinite expressions, nor by oral testimony. In *Taylor on Evidence*, sec. 370, it is said " oral evidence cannot be substituted for any instrument which the law requires to be in writing, such as records, public and judicial documents, so long as the writing exists or is in the power of the party." Such evidence is but secondary, the best being the Court's record of its own action. Unless after the production of the judgment it appeared upon the whole record thereof doubtful whether the same subject-matter were actually passed upon. 1 *Greenleaf on Evidence*, 14th edition, section 532, cited with approval in *Whitehurst* v. *Rogers*, 38 Md. 512. Parol proof of facts of which the plaintiff had record evidence cannot be given ; it is not the best evidence in legal contemplation. *Duvall* v. *Peach*, 1 Gill, 172. A complete record of the attachment proceeding in Baltimore City, as shown by the record in No. 19, would have clearly disclosed the exact questions involved, and it was error to admit oral testimony merely because an incomplete record is not produced.

*S. S. Field* (with whom were *Samuel Regester* and *Harold Scarboro* on the brief), for the appellees.

1. The affidavit alleging fraud, upon which the attachment was issued in Harford County, was made on August 4 ; the affidavit alleging the same fraud in the case in Baltimore City, was made August 5 ; no possible fraud could

have been proven in the case in Harford County, which was not *alleged*, put *directly in issue*, by the motion to quash, and passed upon in the case in Baltimore City. And this being so, the judgment of the Superior Court of Baltimore City quashing the attachment was conclusive of the plaintiff's right to maintain the attachment issued from the Circuit Court for Harford County. *Beall* v. *Pearre*, 12 Md. 550; *Harryman* v. *Roberts*, 52 Md. 64; *Trayhearn* v. *Colbourn*, 66 Md. 277, 278–9; *Hambleton* v. *Glenn*, 72 Md. 351; 1 *Greenleaf Ev.*, sec. 528. Of course the appellant could not have asked Judge Watters to find fraud from the same evidence passed upon by Judge Ritchie, nor could he be permitted to retry before Judge Watters the same issues submitted to Judge Ritchie, because of any new or additional evidence which had not been offered before the latter. He ought to have brought forward his whole case before the Superior Court of Baltimore City; for aught that appears, he did; but whether he did or not he is equally concluded. *State* v. *Brown*, 64 Md. 199. "A party must at a trial present his entire case, and in support of his case must present all the evidence at his command." 21 *Enc. of Law*, 1st ed., page 216. The fact that the time for appeal from the judgment of the Superior Court had not expired does not affect its conclusiveness. "It must be reversed, appealed from or otherwise dealt with before its force can be changed. But until this is done a voidable judgment is as binding as if it were valid." 21 *Enc. of Law*, 1st ed., 131, 132. The fact that a motion has been filed to strike out a judgment does not affect its conclusiveness. *Harryman* v. *Roberts*, 52 Md. 75. At common law a writ of error operated of itself to suspend the judgment which it sought to correct. 4 *Minor's Inst.*, 848 and 850. Whether, under our practice, the mere entry of an appeal would deprive the judgment appealed from of its character as *res judicata*, is a question which does not arise in this case; for no appeal had been taken from the judgment relied on in this case.

2. Sufficient of the record was offered to show the

identity of the alleged debts, and alleged grounds for the attachment, and the judgment of the Court; and these were properly authenticated. The Code expressly provides that a judgment may be proven by a short copy thereof, together with the docket entries, certified by the Clerk under the seal of the Court; and that a copy of any paper filed in a case similarly authenticated, shall be received in evidence. *Code*, Art. 35, secs. 59 and 60. It was also proper to show by parol proof, as was done by the testimony of Mr. .Regester, just what the Superior Court passed on in quashing the attachment; the judgment itself not showing that. *Whitehurst* v. *Rogers*, 38 Md. 503, 512; *Streeks* v. *Dyer*, 39 Md. 424; 21 *Enc. of Law*, 1st ed. 185. The judgment of the Superior Court was simply the usual short entry: "Attachment quashed," without indicating on what ground. But the motion to quash shows that all the allegations of fraud in the affidavit were distinctly put in issue, and Mr. Regester testified to that effect.

The Superior Court of Baltimore City determined that the appellees had neither " fraudulently contracted the debts or incurred the obligations" sued on; nor had they on August 5th, 1898, "assigned, disposed of or concealed," nor were they " about to assign, dispose of or conceal their property or some portion thereof with intent to delay, hinder or defraud their creditors;" and these facts being determined, the attachment issued that day from the Circuit Court for Harford County, upon those grounds alone, and for the same debts, was properly quashed. *Clark* v. *Meixsell*, 29 Md. 221; *Lambden* v. *Bowie*, 2 Md. 334; *Collier* v. *Hanna*, 71 Md. 253.

McSHERRY, C. J., delivered the opinion of the Court.

The appellees were indebted to the appellant on two promissory notes and on an open account. Before the notes matured the appellant sued out, under the *Act of 1894, ch. 648,* an attachment in Harford County, and based the proceeding on the allegations that the debt had been fraudu-

lently contracted, and that the debtors were about to dispose of their property with intent to hinder, delay and defraud their creditors.  Subsequently, but on the same day, another attachment was sued out of the Superior Court of Baltimore City by the same creditor against the same defendants, on the same grounds and upon the same causes of action.  Under the first writ certain personal property was seized in Harford County ; under the second, entirely different property—a quantity of wheat—was levied on in Baltimore City.  The appellees appeared by counsel in the Superior Court for the sole purpose of moving to quash the attachment.  A motion was filed and the grounds relied on were, amongst others, that the facts alleged in the affidavit were false and unfounded ; and that the defendants had not concealed and were not about to conceal their property with intent to defraud their creditors, and that they did not fraudulently contract the debts sued on.  The motion prevailed and the attachment was quashed.  A similar motion was filed in Harford County, and after the attachment which had been issued by the Superior Court had been quashed, a further reason was added to those previously assigned in the Circuit Court for Harford County.  This further reason states, that a similar attachment had been issued out of the Superior Court of Baltimore upon the same claims, and for the same reasons ; that a motion to quash the writ had been filed ; that testimony was heard, and that the attachment was finally quashed upon the same grounds which are set forth in the motion first filed in the Circuit Court for Harford County ; and the ruling made by the Superior Court is relied on as conclusive in the case before the Circuit Court for Harford County.  Upon the hearing of this motion the Circuit Court for Harford County directed the last or additional reason to be taken up first, and ruled that the appellees, the defendants below, were entitled to open and close the case.  The attachment was quashed upon the sole ground that the question as to whether the debt had been fraudulently contracted was *res adjudicata*—

that the Superior Court of Baltimore having determined that the debt had not been fraudulently contracted, *that* question was finally and conclusively settled between the parties and could not again be litigated by them so long as the order of the Superior Court quashing the second attachment remained unreversed. From this order of the Circuit Court for Harford County the pending appeal was taken.

Whether or not the judgment entered by the Superior Court of Baltimore upon the motion to quash filed therein, precluded the Circuit Court for Harford County from investigating a similar motion interposed in the latter tribunal, is the predominant inquiry arising on the record. The other disputed questions are subsidiary and of less importance, and will be considered and disposed of later on in this opinion.

Of course, it is conceded that when an issue has once been fairly tried in a Court having jurisdiction of the parties and of the subject-matter, and has been finally decided on the *merits*, it cannot, except upon appeal, be again controverted by the same parties, in the same or in any other tribunal. There must be an identity of parties; an identity of subject-matter, and a decision on the merits, and jurisdiction over both, parties and subject, or the defence will not be available. The absence of any of these constituent elements will defeat the plea.

What, then, is the nature of the proceeding in a motion to quash? The object of an attachment is to secure the appearance of the defendant by the seizure of his property (*Barney* v. *Patterson*, 6. H. & J. 182), and to subject that property to the payment of the debt. Certain conditions must exist, varying with the different kinds of attachments, to support the writ. These are jurisdictional and a motion to quash strikes at them and at nothing else. *Evesson* v. *Selby*, 32 Md. 340. Their absence will frustrate the attachment. Their non-existence may be apparent on the face of the proceedings; or may be shown by evidence when not so apparent. In either event these juris-

dictional prerequisites have no relation to the question of indebtedness, but concern only the method resorted to in a given case to secure the defendant's appearance, and ultimately to subject particular property or specific credits to the payment of that indebtedness. Their existence or non-existence pertains, therefore, not to the controverted issue of indebtedness, but to the means of securing satisfaction out of the particular property levied on. Consequently, in no sense, can a decision in respect of these jurisdictional matters be a determination of the merits of the controversy. This is obvious. If the defect relied on to support a motion to quash be apparent—that is to say, if some jurisdictional prerequisite does not appear on the face of the proceedings—the mere fact of its absence, though justifying the quashing of the writ, will not prevent the suing out of another attachment where the omitted averments may be supplied. And this is so because the ground of the judgment quashing the first writ would be jurisdictional—that is, would relate to the method of proceeding—and would not involve the merits of the cause of action. Precisely the same result must follow when the defect relied on is not apparent, but is disclosed by evidence. If the jurisdictional requisites be wanting the attachment will be quashed on motion, simply because they are wanting; and this will be done whether the defects be apparent or be proved. The difference consists merely in the mode of establishing these defects. In the one instance it is by an inspection of the record; in the other it is by the production of evidence. But this dissimilarity in the mode of proof can make no difference in the nature of the thing proved—that is to say, it cannot convert a mere jurisdictional question into a question on the merits of the controversy. This being so, it of necessity follows, that when an attachment has been quashed because the Court out of which it was issued had no jurisdiction to issue it, the decision of that issue can in no way preclude some other Court from sustaining a sim-

ilar attachment, whether antecedently or subsequently is-
sued.

The attachments issued out of the Circuit Court for Har-
ford County, and out of the Superior Court of Baltimore,
were both founded on the same jurisdictional averments.
They both alleged that the debts had been fraudulently
contracted, and that the debtors were then about to dispose
of their property with intent to hinder and delay their cred-
itors.  These averments had nothing to do with the issue
of indebtedness.  If true they gave the Courts jurisdiction to
act—if not true there was no jurisdiction.  The decision
by the Superior Court that they were not true was simply
a determination that the Superior Court was without juris-
diction to give judgment of condemnation of the wheat
attached; and a decision that the Superior Court was with-
out jurisdiction is not such a decision of the merits as
would deprive the Circuit Court for Harford County of au-
thority to determine whether *it* had jurisdiction to condemn
some other property belonging to the same defendants.

But in addition to this :  The proceeding by attachment
is a proceeding *in rem.  Coward* v. *Dillinger*, 56 Md. 59.
Until the defendants appear to the summons the cause pro-
ceeds against the property.  The defendants never did ap-
pear in the Superior Court, except for the single purpose of
moving to quash the attachment.  No jurisdiction was ob-
tained over them, and no judgment *in personam* could have
been entered up against them.  The proceeding was, con-
sequently, strictly a proceeding *in rem;* and the precise
question that was, therefore, involved was whether the
wheat—the particular property seized under *that* attach-
ment—was liable to condemnation or not.  If the Supe-
rior Court had no authority to subject *that* property to con-
demnation, because the jurisdictional facts relied on were
ascertained and adjudged not to exist; the judgment
quashing *that* attachment had no greater scope than a judg-
ment *in rem*, and determined nothing further than that the
Superior Court could not condemn the particular property

seized under the writ in that proceeding. The finding of the Superior Court that the debt had not been fraudulently contracted, and that the debtors were not about to dispose of their property with intent to defeat their creditors, was a finding upon which its determination, that it had no jurisdiction to condemn that wheat, was founded. The *grounds* of the decision are one thing—the *thing decided* is quite a different thing. The thing decided was that the Court had no jurisdiction. Whatever the grounds of that adjudicaion may have been, it is clear, that nothing but the thing decided, in so far as it affects the precise property there involved, or determines the *status* of *that* property, can operate as a *res adjudicata*. It consequently is of no importance in this case upon what ground the Superior Court disposed of that proceeding *in rem*, because the judgment in such a proceeding is only operative to the extent of the *thing* or property covered by it.

For these reasons there was error in the ruling which held that the decision of the Superior Court was such an adjudication as would deprive the Circuit Court for Harford County of jurisdiction in the case instituted there.

There was also error in the ruling set forth in the first exception. The plaintiff having the affirmative of the issue of fact to maintain was entitled to open and close the case.

The second exception contains the ruling of the trial Court in admitting in evidence the record of the case in the Superior Court. The reasons we have given for holding that the adjudication by the Superior Court did not deprive the Circuit Court for Harford County of jurisdiction over the attachment proceeding pending there, are sufficient to show that the record from the Superior Court was not admissible in evidence in this case.

The fourth bill of exceptions presents the question first discussed in this opinion.

The other reasons relied on to support the ruling quashing the attachment are purely technical and were not con-

sidered by the Court below.   The additional reason—the one presenting the *res adjudicata* question—was the only one passed on ; and the attachment was quashed on *that* ground alone, and not generally.   We are not called on to decide whether the attachment was properly quashed because of these alleged technical objections; but we will still advert to them.   It is claimed first that the attachment was rightly quashed because the record does not contain the voucher upon which the writ was issued ; and secondly, that it does not appear that a summons was issued for the defendants.   There is no voucher in the record, but the affidavit which is there does distinctly refer to the voucher. The record shows there was a voucher and the docket entries disclose the fact that by leave of the Court the two notes were withdrawn and copies left in their place.   The failure of the Clerk to send a transcript of them along with the record is no ground for holding that the attachment was properly quashed, when confessedly the only ground upon which it was, in fact, quashed, was wholly different.   We cannot say the voucher is insufficient when, by an evident error, it is not even before us for inspection.   There *was* a voucher filed.   We cannot assume that it is insufficient and then decide that the attachment was properly quashed because the voucher was insufficient.   It is altogether possible that the voucher is in fact sufficient, and if we should hold that the attachment was rightly quashed because of there being an insufficient voucher we might do a grave injustice.   In each of the cases cited by the appellees' counsel the voucher was set forth in the record.   In the case of *The Presdt. &c. of the Franklin Bank* v. *Matthews & Co.,* 69 Md. 107, it was expressly decided that the original vouchers in an attachment case may be withdrawn upon leaving copies, without invalidating the attachment.   That is precisely what was done in the case at bar.

As to the objection that no writ of summons was issued, the record furnishes an answer.   The Clerk was instructed in writing, on the back of the affidavit, to issue an attachment,

and to issue writs of summons against said defendants ; and the Clerk certifies that "all of which was done as directed above." Under rule 7, regulating appeals, it was the duty of the Clerk to omit from the record the writ of summons, as the defendants had appeared.

Because of the errors indicated the order quashing the attachment will be reversed and the cause will be remanded.

*Order quashing attachments reversed*
*with costs and cause remanded.*

(Decided June 20th, 1899).