SANITARY GROCERY COMPANY, GARNISHEE, *vs.*
WILLIAM J. SOPER.

*Garnishment—Jurisdiction—Place of Business or Residence.*

Acts 1890, ch. 549 (Code, art. 9, sec. 46), authorizing a writ of attachment to be served upon any person by way of garnishment wherever he may be found, made no change in the rule that the writ must issue from a court of the county of the garnishee's residence or place of business, and gives no right to enter suit in any one jurisdiction of the State and from there to levy an attachment upon assets in the hands of a garnishee in any other jurisdiction.                              pp. 132, 137

Acts 1890, ch. 549 (Code, art. 9, sec. 46), authorizing a writ of attachment to be served upon a garnishee wherever he may be found, and providing that if the writ is served on one outside the locality of his place of business or residence, the short

note shall be set up at the court house door, does not apply to attachments on judgments or decrees, there being no short notes in such attachments.                                    p. 133

A garnishee, being brought into litigation practically as a debtor, should not be subjected to litigation outside of his own jurisdiction in the attachment suit, when he is so carefully protected in a right to defend any other sort of suit in his place of residence or business.                              p. 135

*Decided June 20th, 1924.*

Appeal from the Superior Court of Baltimore City (GORTER, C. J.).

Attachment proceeding by William J. Soper against Peter M. Dorsch, in which the writ was laid in the hands of the Sanitary Grocery Company as garnishee. From an order overruling a motion by said garnishee to quash the attachment, it appeals. Reversed.

The cause was argued before THOMAS, PATTISON, URNER, OFFUTT, DIGGES, and BOND, JJ.

*Joseph France,* for the appellant.

*Charles F. Harley,* with whom was *Michael James Manley* on the brief, for the appellee.

BOND, J., delivered the opinion of the Court.

In a suit in the Superior Court of Baltimore City against a non-resident defendant, an attachment was laid in Prince George's County in the hands of a garnishee, a corporation of the State of Virginia, which had a place of business at Hyattsville in that county. It had no place of business in Baltimore and no agent there. The Act of 1890, chapter 549, now article 9, section 46, of the Code of Public General Laws, provides that:

> "A writ of attachment may be served upon any person by way of garnishment wherever he may be

found, either by the sheriff of the jurisdiction where
said person may be, or by the sheriff of the jurisdiction where the writ issues; when a writ of attachment
is served upon anyone outside of the locality of his
place of business or residence, the short note shall be
set up at the court house door of the county or city
where the writ is served by the officer serving the same,
and upon the return of the writ, a duplicate short
note shall be sent by the clerk of the court where the
writ issues to the sheriff of that city or county to be
set up by him at the court house door said city or
county, and the service of any writ and the posting
of any short note, wherever a writ of attachment may
have been or shall be served and the short note set up
in manner as herein provided, shall be valid, and
said writs of attachment shall be returned to the
courts whence they are issued as other writs are required to be returned."

The attaching creditor has proceeded upon the theory that
this statutory provision gives a right to enter suit in any one
jurisdiction of the State, and from there to levy attachment
upon assets in the hands of any garnishee in any other jurisdiction, making the writ returnable to the court in which the
principal suit has been entered. The garnishee upon whom
the attachment has been levied on this theory contends that
the statute has to do only with the service of writs from the
same court which would have had jurisdiction before the enactment; that it has made no change in the forum from which
the writ must issue to reach the garnishee, and that the proper
court is that of the county of his residence or place of business. The case has come before this Court on an appeal
from the garnishee's motion, under section 20 of article 9 of
the Code, to quash the attachment.

The judges of this Court have investigated the practice
under the statute in Baltimore City and in several of the
counties, and they have found it not uniform. In the courts
of Baltimore City attachments have been sent under this
statute to be served upon garnishees in some one or more of

the counties.   This has been done in a few non-resident attachment suits.   Attachments on judgments or decrees have been excepted by the clerks from the operation of the statute because of the impossibility in these attachments of complying with the requirement of a short note to be set up as directed.   In the counties where inquiries have been made no instance of a request for an additional garnishment to be sent to another county is known.   In the few cases which have come before this Court showing garnishment in more than one jurisdiction, an original attachment suit has been entered for it in each jurisdiction.   *Johnson* v. *Stockham,* 89 Md. 368 (1899); *Hedrick* v. *Markham,* 132 Md. 160 (1918).   Compare *Bank* v. *Matthews,* 69 Md. 107 (1888).

The words of the statute are broad, and taken at their face value lend some support to the creditor's construction. They refer specifically only to service of the writ, however, and not to the place of issuing the writ which may be served as the statute provides; and there are difficulties in the way of adopting the construction that a departure from previous practice in respect to place of issue, that is, the forum of suit, was intended.   Attachments on original process for fraud were already governed by a provision that 'the action shall be instituted either in the county where the defendant resides or where the property proposed to be attached may be located or found, or where the proposed garnishee resides." Article 9, section 38.   Section 46, on the construction now urged, would amend and enlarge that provision by implication, so as to permit such attachment suits to be filed anywhere in the State, and the writs to be served anywhere else.   But it has never been supposed that the provision respecting the forum of attachments for fraud has been amended at all.   See *Tonn* v. *Collins,* 116 Md. 52.   The objection that there are no short notes in attachments on judgments or decrees which can be set up in compliance with this statute does require that the statute be construed to except these.   Otherwise, on the attaching creditor's construction here, there would be a conflict between its provisions and the provisions of article 17, section 7, of the Code, regarding the proceedings for attach-

ment of funds in another county. Again, under the attaching creditor's construction, if goods and chattels rather than credits were attached in the hands of a garnishee, then, under sections 12 and 27 of article 9, custody and sale of them in a distant county might have to be managed by the court and the sheriff of the jurisdiction where the action is instituted. *Corner* v. *Mackintosh*, 48 Md. 374; *Morton* v. *Grafflin*, 68 Md. 545, 559.

Another argument against this construction arises from the departure it would involve from the proceedings contemplated in the preceding section, with which section 46 is coupled under the title of "Several Attachments." Section 46, according to the preamble of the Act of 1890, chapter 549, was enacted as a section to be added to this sub-title of "Several Attachments," and to be known as section 44A. Section 44 is now section 45. In so far as no departure is announced in the newer section, it would naturally be inferred that it contemplated the same proceedings as those provided for in the older one. And it would be inferred that any change in the law of the older section would have been made by way of amendment of that section rather than be left to implication from an additional section. Yet the construction of section 46 contended for here, without any express statement of such a purpose, involves a departure from the older one; for whereas section 46, so construed, would extend to creditors a privilege of choosing any one jurisdiction in the State for a non-resident attachment suit, and of sending garnishment from there into any other jurisdiction, section 45 seems to have been intended to provide for several original attachment suits in the separate jurisdictions where assets are sought. This older section was enacted in 1867 (chapter 418). It could hardly have been enacted to provide for additional writs of attachment out of one suit, for that was expressly provided for in the Act of 1715, ch. 40, sec. 3, and continued by the Act of 1795, ch. 56, the Act of 1835, ch. 201, sec. 14, and all other statutes which touched upon the subject. *Evans' Maryland Practice* (1st ed., 1839), 98 and 99. It was not meant to provide for successive at-

tachments, as contrasted with simultaneous ones, out of the same suit, for that, too, was old. *Chase* v. *Manhardt,* 1 Bland, 333, 337. It seems clear enough that the older section, to which the Act of 1890 was added, meant to provide for several original attachment suits by the same creditor, and in different counties, for there would be no call for more than one suit by the same attaching creditor in one and the same county or city; he had long needed only one suit for as many attachments as he might desire to have issued in one jurisdiction. The Act of 1867, ch. 418, would be necessary only to enable him to bring more than one original suit without being stayed by a plea of pending suit. Such was the effect given it in *Hedrick* v. *Markham,* 132 Md. 160, 165. It must be remembered that at that time, 1867, the attachment suit on warrant was still, in legal theory, a suit against the debtor, with the attachment super-added as a means of compelling his appearance. Two attachment suits by the same creditor against the same principal debtor on the same debt would have stood, in the sight of the law, as two suits between the same parties on the same subject matter, in spite of any number of attachments issued under it. We have no doubt that it was this situation which the Act of 1867, now section 45 of article 9 of the Code, intended to deal with. If, then, section 46 was enacted as an additional section on the same subject, as it seems to have been, it is a reasonable inference, in view of its failure to announce the departure in direct terms from the plan for original suits in the separate jurisdictions, that it contemplated nothing else, and did not intend any such novel proceedings as garnishments to all or any counties out of one attachment suit in Baltimore City or in another county.

Again, despite the legal theory of an attachment on warrant, it was long ago recognized that a garnishee was practically brought into an ordinary litigation in which he was proceeded against as a debtor. "He is cited as a debtor," said Chancellor Bland, "and is called into court certainly in that character, although not by that name and in that form." *Chase* v. *Manhardt,* 1 Bland, 333, 344; *Hepburn's*

case, 3 Bland, 95, 119; *Barr* v. *Perry,* 3 Gill, 313.   And it
is difficult to see a reason for subjecting him to litigation out
of his own jurisdiction in an attachment suit, when he is so
carefully protected in a right to defend any other sort of
suit in his place of residence or business.   Article 75, sec-
tion 147, and article 23, sections 87 and 92, of the Code.

As was pointed out in argument, in 1884 two statutes were
passed in somewhat similar general language to empower
sheriffs to carry process of other kinds into other jurisdic-
tions.   Acts 1884, chapters 128 and 316.   The former pro-
vided that,

> "The sheriff of any county from which the writ of
> summons for any defendant may be issued by the
> circuit court for any such county * * * may serve any
> such writ of summons on the defendant named in the
> writ, wherever he may find such defendant, whether
> in or out of the county or city from a court of which
> such process may have issued; or the writs of sum-
> mons may be directed to and served by the sheriff of
> any county or city where the defendant may chance
> to be, returnable to the court where the process is-
> sued; * * * "

And in the case of *Henderson* v. *Md. Home Ins. Co.,* 90
Md. 47, 51, Judge Pearce, for the Court, in interpreting
the later act, said, "The amendment of 1884 only operated
upon the service of process.   Chapter 128 of 1884, with the
same purpose of enlarging the method and expediting the
service of process generally, authorized the summons, *where-
ever issued,* to be directed to and served by the sheriff of
any county or city where the defendant may chance to be,
returnable to the court whence issued, and gave to such
service the same effect as if made by the sheriff of the county
and in the county where process issued; and it also left un-
touched the jurisdiction of the subject matter, the forum of
the suit."

In our opinion it is more reasonable to suppose that the
statute under discussion in this case was passed for the
same purpose, then fresh in the minds of legislators, to

"enlarge the method and expedite the service of process generally," "leaving untouched the forum of the suit," than to suppose that it was intended to bring into the law the new, yet unannounced, practice of issuing garnishments in a suit in one jurisdiction to other jurisdictions all over the State, however distant. It may be added that this theory accounts for the fact that the statute provides for the posting of a copy of the short note *only* when the garnishee is found and served with process outside the jurisdiction of his residence or place of business. That would be the appropriate limitation when the original suit is filed in the jurisdiction of his residence or place of business, and there is, therefore, no need of the substitute arrangement of posting a copy of the short note there.

For these reasons we construe the Acts of 1890, chapter 549 (article 9, section 46 of the Code), to contemplate the filing of an original attachment suit, in such case as this, only in the jurisdiction of the garnishee's place of business, and conclude that the overruling of the motion to quash the attachment issued on the other construction was erroneous.

> *Order overruling the motion to quash the attachment reversed and attachment quashed, with costs to the appellant.*