JAMES C. THOMPSON ET AL. *v.* CENTRAL METAL & SUPPLY COMPANY.

[No. 48, October Term, 1929.]

*Decided January 8th, 1930.*

The cause was argued before BOND, C. J., PATTISON, URNER, ADKINS, OFFUTT, DIGGES, and PARKE, JJ.

*George Eckhardt, Jr.,* submitting on brief, for the appellants.

*Walter C. Mylander,* with whom was *Nathan Patz* on the brief, for the appellee.

ADKINS, J., delivered the opinion of the Court.

The appellee, the Central Metal and Supply Company, obtained a judgment against one Charles G. Selters in the Baltimore City Court, and Selters obtained a judgment against the appellants, James C. Thompson and Barbara Thompson, in the Circuit Court for Baltimore County. Whereupon the appellee caused to be issued out of the Baltimore City Court a writ of attachment on its judgment directed to the sheriff of Baltimore City commanding him to attach "any of the lands, tenements, goods, chattels, and credits of the said Charles G. Selters if they should be found in your bailiwick," and the sheriff served said writ upon Mrs. Thompson in Baltimore County and upon Mr. Thompson in Baltimore City, and summoned them as garnishees. It was admitted that Mr. and Mrs. Thompson were residents

of Baltimore County and had no business or property in Baltimore City.

T. Lyde Mason, Jr., Gersh L. Moss, and Harvey C. Bickel, to whose use the judgment of Selters against the Thompsons had been entered, moved to quash the attachment on the ground that the sheriff had no jurisdiction to serve the writ in Baltimore County. This motion was overruled. Subsequently, George Eckhardt, Jr., appeared specially as attorney for the garnishees and moved to quash the attachment on the ground that it was not issued from the jurisdiction of the garnishees' residence or place of business, but on the contrary, issued out of the Baltimore City Court" and "that the court is without jurisdiction in the premises." Plaintiff filed a motion *ne recipiatur,* which was granted, and the judgment of condemnation *nisi* was made absolute. Whereupon the said attorney again appeared specially for the garnishees and moved to strike out the judgment on the ground that the court had not jurisdiction to enter the judgment. A motion *ne recipiatur* was filed by plaintiff, which was granted, and the motion was overruled. The garnishees appealed.

It does not appear from the record that any testimony was taken, but it is stated in appellee's brief that the first motion to quash was set down for hearing, and testimony taken which was improperly omitted from the record. If testimony was taken, of course it should have been included in the record under the rule. In the absence of testimony, we are unable to say that the trial court improperly overruled this motion. For all that appears it may have been for lack of interest in the movers. The second motion was not sworn to.

There was error in refusing to strike out the judgment as to Barbara Thompson. The sheriff had no authority to summon her in Baltimore County. Section 153 of article 75 of the Code does not apply to attachments. And we decided in *Sanitary Grocery Co. v. Soper,* 146 Md. 130, that section 46 of article 9 of the Code does not apply to attachments on judgments.

The service on Mrs. Thompson was a nullity and of course, as there was no appearance by her, the judgment as to her was a nullity.

There was no error as to James C. Thompson. He was entitled to be sued in Baltimore County. But having failed to plead to the jurisdiction he waived the right. 1 *Poe, Pl. & Pr.,* sec. 594; *Ockerme v. Gitlings,* 35 Md. 169; *Cromwell et al. v. Royal Canadian Ins. Co.,* 49 Md. 366, 383.

> *Judgment affirmed in part and reversed in part, and cause remanded that the judgment may be stricken out as to Barbara Thompson; one-half the costs of appeal to be paid by James C. Thompson and one-half by appellee.*