## MERVIN L. BLADES & SON, INC. *v.* PENINSULA BANK

[No. 32, September Term, 1979.]

\* \* \*

## L & H CONSTRUCTION CO., INC. *v.* PENINSULA BANK

[No. 33, September Term, 1979.]

*Decided October 17, 1979.*

The cause was argued before GILBERT, C. J., and LOWE and WEANT, JJ.

*Thomas C. Beach, III,* with whom were *Clapp, Somerville, Black & Honemann* on the brief, for appellants.

*Alexander G. Jones,* with whom were *Jones & Jones* on the brief, for appellee.

WEANT, J., delivered the opinion of the Court.

By an Order of this Court, issued March 21, 1979, the cases now before us have been consolidated for purposes of appeal. Each involves a judgment against the same defendants, although for different amounts; each involves the issuance of a Writ of Garnishee-Attachment to the same Garnishee-Appellee, Peninsula Bank, among others, returnable to the first Monday in November, 1978. On October 27, the appellee, in response to each Writ of Attachment, filed a plea entitled "Garnishee Confession of Assets"; each plea was essentially a plea of *nulla bona* in that the appellee confessed no assets belonging to the defendants. Thereafter, appellant, in each case, filed Interrogatories in Attachment directed to the appellee pursuant to Maryland Rules G56 and 417, which in turn were answered by the appellee. Finally, on December 27, 1978, the appellee filed Motions to Quash Attachment and For Payment of Costs and Attorney's Fees. These motions requested that in each case the Writ of Attachment be quashed pursuant to Maryland Rule G51, and that attorney's fees be fixed and costs assessed against the appellant pursuant to Maryland Rule G52d. On February 13, 1979, the Circuit Court for Wicomico County ordered that the Writ of Attachment in each case be quashed and that attorney's fees in the amount of $250.00 per case be awarded.

On appeal the appellant raises two contentions. First, the circuit court erred in quashing the two writs of attachment since there were no defects in the respective judgments and no jurisdictional problems regarding the garnishee on the pending attachment cases. Second, the circuit court erred in awarding attorney's fees.

The Order quashing the Writs of Attachment and awarding attorney's fees must be reversed.

Maryland Rule G51a states:

"A defendant or garnishee may file a motion within the time required by Rule 307 (Time for Defendant's Initial Pleading) praying that the writ be quashed and set aside, and thereupon the court may order the sheriff to produce the writ and the proceedings thereunder in court."

Maryland Rule 307a, the provision incorporated into Rule G51a, *supra,* provides, in pertinent part, as follows:

> "The defendant in any action shall file with the clerk his initial pleading within fifteen days after the return day to which he is summoned. . . ."

As a general rule a motion to quash will be determined to have been timely filed if filed within fifteen days after the return day to which defendant has been summoned. Accordingly, in the cases now before us, November 21 was the last day on which the appellee could be said to have filed timely Motions to Quash, unless the bases for such motions are found to fall within an exception to the general rule.

In *Cole v. Randall Park Holding Co.,* 201 Md. 616, 625-26, 95 A. 2d 273, 278 (1953), the Court of Appeals stated

> ". . . that a motion to quash on fundamental or jurisdictional grounds can be filed either by the garnishee or by the defendant, after pleas by the garnishee. *Campbell v. Morris,* 3 H. & McH. 535; *Bruce & Fisher v. Cook,* 6 G. & J. 346; *Stone v. Magruder,* 10 G. & J. 383-387; *Boarman v. Israel & Patterson,* 1 Gill 372; *Lambden v. Bowie,* 2 Md. 334; *Spear v. Griffin,* 23 Md. 418-30; *Evesson v. Selby,* 32 Md. 340; *Powhatan Steam Co. v. Potomac Co.,* 36 Md. 238 and the companion case, *Potomac Steamboat Co. v. Clyde,* 51 Md. 174; *Cromwell v. Royal Canadian Ins. Co.,* 49 Md. 366; *Coward v. Dillinger, supra* (56 Md. 59); *Johnson v. Stockham,* 89 Md. 368, 43 A. 943; *U. S. Express Co. v. Hurlock, supra* (120 Md. 107, 87 A. 834); *Indemnity Co. v. Cosgriff,* 144 Md. 660, 125 A. 529; *First National Bank of Federalsburg v. Equitable Life Assurance Society,* 157 Md. 249, 145 A. 779. The holdings are summarized aptly by *Hodge & McLane* on *Attachment in Maryland,* Sec. 94: 'A motion to quash is a proceeding in the nature of a petition to the Court, without an appearance to the merits of the case, to dismiss the attachment on the ground that the proceedings are defective. The

defects, upon which the motion is based, may be either apparent upon, or *dehors* the proceedings.

\* \* \* A motion to quash an attachment for a substantial defect in the proceedings, goes to the question of jurisdiction and will be entertained at any stage of the trial. Ordinarily the motion should be made by the garnishee before appearance and pleading, because, if successful, it puts an end to the case; but it may be filed at any stage of the cause, although the garnishee has pleaded and issue ·is joined, and even after he has confessed assets and expressed his willingness to abide by the order of the court.' See also *Sec. 95; Poe, Pleading and Practice, Tiffany Ed.* Sec. 539 is to the same effect. See, too, *Downs v. Baltimore City,* 111 Md. 674, 689, 76 A. 871, 41 L. R. A., N.S., 255; and *Bauernschmidt v. Safe Deposit and Trust Co.,* 176 Md. 351, 356, 4 A. 2d 712."

This statement indicates that where a motion to quash is based on fundamental or jurisdictional grounds, it will be entertained at any stage of the trial. It becomes necessary, therefore, to determine whether the appellee's Motions to Quash, filed December 27, fall within an exception outlined in *Cole, supra.*

Appellant correctly points out that the appellee's Motions to Quash neither allege the existence of any defects in the proceedings nor question the jurisdiction of the court. Appellee argues that its Motions, nevertheless, fall within an exception delineated in *Cole.* To support its contention, the appellee points to the language in *Cole,* where the Court stated "that a motion to quash on fundamental or jurisdictional grounds can be filed ... after pleas by the garnishee." *Id.* at 625, 95 A. 2d at 278. Appellee would have us affirm the circuit court's decision based on its (appellee's) interpretation of the phrase "fundamental ... grounds." In interpreting this phrase during oral argument, appellee cited *Cole* where it stated: "In essence, attachment and garnishment is an action by the defendant against the garnishee for the use of the plaintiff. For this reason the rights of the plaintiff can never rise above those of the

defendant." *Id.* at 623-24, 95 A. 2d at 277. Appellee further argues that because it held no assets of the defendants, the appellant had no claim against it and that, therefore, the Motions to Quash the Attachments were properly granted. It seems that appellee, in relying on this portion of the *Cole* Court's opinion, failed to take note of the Court's very next statement which reads: "If the defendant could not sue the garnishee in the courts of the State in which the attachment is filed, the plaintiff cannot do so." *Id.* at 624, 95 A. 2d at 277. This statement clearly indicates that the *Cole* Court was addressing the consequences which follow from the existence of a jurisdictional defect. As we have already noted, the appellee, in its Motions to Quash, did not allege the existence of any defects in the proceedings and did not question the jurisdiction of the court. We think that the motion was not available to the appellee in the cases now before us. Therefore, we conclude that the circuit court erred in granting the appellee's Motions to Quash the Writs of Attachment.

Because the Order quashing the Writs of Attachment was error and because the Motions for Payment of Costs and Attorney's fees were contained in and apparently follow from the Motions to Quash the Writs, the circuit court further erred in awarding attorney's fees. In passing, we note that we would nonetheless question the propriety of awarding *attorney's fees* in the amount granted where it was argued that it was not the attorney but the garnishee-bank that was subjected to time-consuming expense and cost in a matter in which it allegedly had no interest.

*Judgments reversed.*
*Costs to be paid by appellee.*