# MARYLAND REPORTS.

## APRIL TERM, A. D., 1879.

### CHARLES B. BOYLE *vs.* JONATHAN SCHINDEL.

*Action at Law—Decree in Equity for the Payment of Money.*

In this State an action at law will not lie to recover a sum of money
decreed to be paid by a Court of Equity, within the same juris-
diction.

APPEAL from the Circuit Court for Washington County.

This was an action of debt brought by the appellee
against the appellant. The *narr.* contained two counts.
The first count recited an order of the Circuit Court in
equity, in the case of *Keedy and others vs. Schindel and
others*, ratifying a sale to the defendant, and further
directing the defendant, as purchaser, to pay to Samuel
E. Schindel, during his life-time, the annual interest on the
mortgages to Judge ALVEY and George Schindel, described
in the proceedings, to wit, $208.82 annually; that this
sum was due January 25, 1877, and was still unpaid;
that Samuel E. Schindel, by a proper writing, assigned
to the plaintiff all the right, etc., in and to said interest,
and the defendant was notified of said assignment, but
did not pay the said annual interest.

The second count recited that Samuel E. Schindel's
father, by his will, directed his executors to pay to Samuel
E. Schindel annually, the interest on a designated sum,
which sum his father's executors secured by mortgages on
Samuel's lands, which lands were sold to the defendant,

1　　　　　　　v. 52.

who was ordered by said Court to pay to Samuel E. Schindel, the annual interest on said mortgages, by the terms of the order ratifying the sale; that said Samuel assigned this legacy to the plaintiff, that the defendant was duly notified of said assignment, but did not pay the said interest.

To this *narr.* the defendant demurred, and the Court (MOTTER and PEARRE, J.,) overruled the demurrer. The defendant objected, that an action at law would not lie upon such order of a Court of equity.

The defendant then filed seven pleas. Issue was joined on all save the third and fourth pleas, to which the plaintiff demurred, and his demurrer was ruled good.

In the progress of the trial the defendant took three exceptions, which need not be set out. The verdict and judgment being for the plaintiff, the defendant appealed.

The cause was submitted on briefs to BARTOL, C. J., BOWIE, BRENT, MILLER and ROBINSON, J.

*H. H. Keedy* and *Alexander Armstrong,* for the appellant.

*Louis E. McComas,* for the appellee.

The demurrer was properly overruled. The decretal order sued on was of the dignity of a decree. Any order or decree finally settling any disputed right or interest of the parties, is a final decree. · An order ratifying a sale amounts to a decree for the payment of money. *Richardson vs. Jones,* 3 *G. & J.,* 186; *Ware vs. Richardson,* 3 *Md.,* 555; *Wyman vs. Jones,* 4 *Md. Ch. Dec.,* 500; *Freeman on Judgments, secs.* 34, 36.

In Maryland, decrees and judgments are often referred to as of equal dignity. A Court of equity like a Court of law, is a Court of record. *Miles vs. Gardner,* 5 *Gill,* 100; *C. and O. Canal vs. Gittings,* 36 *Md.,* 276; *State, use of Bru-*

Boyle *vs.* Schindel.

*ner, et al. vs. Ramsburg, et al.,* 43 *Md.,* 333, 335; *Bruner &
Walker vs. Ramsburg,* 43 *Md.,* 567; *Dorsey's Lessee
vs. Garey,* 30 *Md.,* 494, and cases cited; *Farmers' Bank
vs. Thomas, et al.,* 37 *Md.,* 255.

An action of debt can be maintained on a judgment of
a Court of law. In this country, in every instance in
which an action of debt can be maintained upon a judg-
ment at law for a sum of money awarded by such judg-
ment, *the like action can be maintained upon a decree in
equity, which is for an ascertained and specific amount,* and
nothing more, and the record of the proceedings in the
one case must be ranked with and responded to as of the
same dignity and binding obligation with the record of
the other. *Freeman on Judgments, sec.* 434, and cases
cited, *note* 4; *See Nations, et al. vs. Johnson, et al.,* 24 *How-
ard,* 203.

Nor is the action of debt used only on foreign ·decrees.
In New York, in one case, this was the principal point dis-
cussed, and Ch. J. SAVAGE says, "the general rule is that
this form of action is proper for any debt of record, or by
specialty, or any sum certain. It has been decided that
debt lies upon a decree for the payment of money made by
a Court of Chancery of another State, *and no doubt the
action will lie upon such a decree in our domestic Courts of
equity."* He concludes that upon a final decree of the Surro-
gate, even debt will lie. *Dubois vs. Dubois,* 6 *Cowan,* 496;
*Pennington vs. Gibson,* 16 *Howard,* 78.

BOWIE, J., delivered the opinion of the Court.

The primary and principal question presented on this
appeal, decisive of all others in the case, is whether an
action at law can be maintained in this State to recover a
sum of money decreed to be paid by a Court of equity
*within the same jurisdiction.*

The general principle, that actions at law will lie on
decrees of other States for the payment of money only

out of and beyond their jurisdiction, is well established by authority both in England and the United States, but, broad propositions, originating in cases of this character, have been adopted and used by Judges and text writers, so as to produce some confusion.

It was a cardinal rule of the Courts of law in England, that no action at law should be brought to enforce a decree in Chancery within its jurisdiction, but such actions were allowed and maintained on decrees of colonial Courts.

The reason is obvious, that in the one case there was full power existing in the Court which rendered the decree, to enforce it, and in the other the decree would be ineffectual, unless the Courts of law recognized them as evidences of debt and made them effective by judgment and execution.

The leading cases cited and relied on by both appellant and appellee are *Hugh vs. Higgs and Wife,* 8 *Wheaton,* 697; *Pennington vs. Gibson,* 16 *Howard,* 65, and *Richardson vs. Jones,* 3 *G. & J.,* 186.

The case of *Hugh vs. Higgs* was decided by that eminent jurist, Chief Justice MARSHALL, all of whose opinions, however brief, are entitled to the most profound respect. His opinion relating to this subject is substantially as follows :

" This is an action on the case brought to recover the money which the plaintiff in error had been decreed by a Court of Chancery to pay to the defendant in error. The defendant in the Court below contended that an action at common law did not lie on a decree in chancery, and excepted to the opinion of that Court overruling this objection. It is admitted by the opposite counsel that in general the action does not lie to recover money claimed under the decree of a Court of equity, but he supposed that in this case the money had been received by the defendant below upon transactions which took place after the decree. Upon examining the record, we perceive the

money was in his hands as trustee at the time the order to pay it over was made."

The case of *Pennington vs. Gibson* was an action of debt brought in the Circuit Court of the U. S. for the district of Maryland by the defendant in error, against the plaintiff in error, on a decree obtained by the former against the latter and others in the Supreme Court, in equity, of the State of New York, and carried by writ of error to the Supreme Court of the United States.

The chief question before the Court was, whether the decree of a Court of equity of *another State* was of such dignity and finality that an action of debt could be maintained on it, without averring in the *narr.* that the decree was in the State in which it was rendered, of equal efficiency, as a judgment at law.

The Supreme Court held the affirmative, and the judgment of the Court below was sustained. The objection, that the remedy was in equity and not at law, on a decree of a Court of equity within its own jurisdiction, was incidentally considered. Although not necessary to the decision, the Court announced the following postulate:

" We lay it down, therefore, as the general rule, that in every instance in which an action of debt can be maintained upon a judgment at law for a sum of money awarded by such judgment, the like action can be maintained upon a decree in equity, which is for an ascertained and specific amount and nothing more; and that the record of proceedings in the one case must be ranked with and responded to as of the same dignity and binding obligation with the record in the other."

Notwithstanding the strictures of the learned Judge in commenting on *Hugh vs. Higgs and Wife,* he declares, " There is yet another ground on which this case, so imperfectly stated, might form an exception to the rule, which authorizes actions of debt upon decrees in equity. In the case last mentioned the action at law was brought,

and the judgment rendered within the regular limits of the equity jurisdiction of the Court, and to the full extent of. which limits the Court of equity had the power to enforce its decrees. * * * * Under these circumstances it might well be ruled, that a party having the right to avail himself directly of the power and process of the Court, should not capriciously relinquish that right, and harass his adversary by a new and useless litigation."

The exception is the rule for which the appellant contends, and by which this case must be governed.

The case of *Richardson vs. Jones,* was that of a purchaser at a sale under a decree in chancery, seeking by petition to have the sale vacated after a great lapse of time, upon the ground that he purchased as agent of the trustees who made the sale, and the whole benefit had accrued to them. Benjamin Richardson, the purchaser, had given bond for the purchase money, with William Richardson and others as his sureties; the Chancellor dismissed his petition and ordered that B. and W. Richardson forthwith pay into Court the whole amount of the purchase money due, from which order B. and W. Richardson appealed.

In the course of the argument, the question collaterally arose as to the proper remedy for enforcing the payment of money under such circumstances. In commenting on which the late Chief J. Buchanan, said, " Where a sale is made under a decree or order in chancery, and no bond or security is given for the payment of the purchase money, a practice has grown up in chancery and sanctioned by this Court in *Anderson vs. Foulke,* 2 *Harr. & Gill,* 346, to compel the purchaser to complete his purchase by an order on him in a summary way to pay or bring the money into Court, and that from necessity arising out of the peculiar character of such transactions. No action at law will lie to enforce a decree in chancery, within the territorial jurisdiction of the Court of Chancery. An order of the Court of Chancery ratifying such a sale, is considered as amount-

Boyle *vs.* Schindel.

ing to a decree for the payment of the money ; and if that Court could not enforce the execution of it, it could not be enforced at all." 3 *G. & J.*, 186.

It has been correctly said, that the proposition " that no action at law will lie, etc., in this case was *obiter dictum ;* yet it has always been regarded as an announcement from the highest judicial source in the State, of what was the practice and law in that respect. From the foregoing partial analysis of the leading cases on this subject, in this State and the Supreme Court of the United States, it appears that the doctrine contended for by the appellant, has the sanction of Chief Justices MARSHALL and BUCHANAN, approved by the Supreme Court of the United States.

Whatever may be the law in other States as laid down by the text writers, we feel bound to adhere to the ancient ways marked out by our predecessors.

It is not because decrees of Courts of equity are not of equal dignity and finality with judgments at law, that they are not subjects of suits at law in this State, but because they are *so equal and final* they require no extrinsic aid from Courts of law to give them full force and effect.

Courts of equity within their own jurisdiction have full power to issue judicial writs to enforce their decrees with equal economy and despatch as at law.

Having acquired jurisdiction over the parties and the subject-matter by previous proceedings, it is proper, that what was commenced in a Court of equity should be concluded in the same, for many reasons too obvious and numerous to be assigned.

The Court having erred, in our opinion, in overruling the demurrer, the judgment below will be reversed with costs.

*Judgment reversed with costs.*

(Decided 19th June, 1879.)