## CIRCUIT COURT NO. 2 OF BALTIMORE CITY.

Decided December 29, 1897.

EMMA BERGMAN
VS.
JACOB BERGMAN.

*Martin Lehmayer* for plaintiff.

*Moses Sonnehill* for defendant.

STOCKBRIDGE, J.—

The question and the sole question for determination in this case at the present time, is as to the power of the Court to pass an order requiring the plaintiff in the case to surrender possession of the property on Linden avenue to the defendant. It is raised by a petition subsequent to the final decree, which decree granted a divorce *a mensa*, awarded the custody of the children, decreed alimony upon certain conditions, and dismissed the bill of the plaintiff for the declaration of a constructive trust. Two cases had been instituted by the plaintiff, and those cases had been consolidated by her consent; her rights in the premises have therefore been submitted to the jurisdiction of the Court, and had been so submitted at her own instance, and she should equitably now be estopped from

raising any question as to the jurisdiction of the Court to fully pass upon the questions involved or arising out of the cases so brought. But even assuming that she is not so estopped, the question is as to the power of the Court to pass such order as to make effectual its decree. The decree as entered was as the Court conceived at the time, and as it still believes, proper in its form; the Court was asked to pass upon the legal rights of the parties to the suit in the property on Linden avenue and did so pass upon them; it could not assume and ought not to have assumed that those rights, being passed upon by the Court, either party to the suit would contumaciously, after an adjudication by the tribunal to which the parties had submitted themselves, seek to retain the possession of property to which the Court found them to have no legal right or title.

If the present contention of Mrs. Bergman, the plaintiff, is correct, then a Court of Equity would have power to pass a decree, but would be powerless to give force and effect to its decree, and it would be within power of a suitor, when unsuccessful, to utterly nullify the decree of the Court whose jurisdiction he or she had invoked. A Court will never do a nugatory act. It should not pass any decree that it has not the power to enforce, but in this case it is conceded upon both sides that the Court had ample power to pass the decree which it did, and that being the case, the law of this State undoubtedly is that the Court which passes the decree has also the power to give it force and validity without compelling the party who has already litigated his rights to have recourse to another tribunal in order to enforce them.

Boyle vs. Shindel, 52 Md. 1.

Garrettson vs. Cole, 1 H. & J. 387.

Schaefer vs. Amicable Land Co., 53 Md. 88.

For these reasons the prayer of the petition of Jacob Bergman, filed December 9th, 1897, will be granted, and the plaintiff, Emma Bergman, be required to surrender possession of the premises, No. 1420 Linden avenue, to the said Jacob Bergman within three weeks from the service of a copy of the order to be passed in conformity with this opinion upon the said Emma Bergman, plaintiff, or her solicitor.