## MARTIN J. LEBERSTEIN *v.* MARIAN J. LEBERSTEIN

[No. 77, October Term, 1945.]

*Decided February 8, 1946*

The cause was argued before MARBURY, C. J., DELA-PLAINE, COLLINS, GRASON, HENDERSON, and MARKELL, JJ.

*Isador Roman* for the appellant.

*Z. Townsend Parks, Jr.,* for the appellee.

HENDERSON, J., delivered the opinion of the Court.

Marian J. Leberstein filed a bill for divorce against her husband, Martin J. Leberstein, on November 17, 1925, on the ground of adultery. Answer was filed, testimony taken before an examiner, the case was submitted for decree and referred to a Master, and finally on October

7, 1926, the Court entered a decree divorcing the complainant *a vinculo* from the defendant. In that decree custody of the minor child of the parties (who was then four years old) was awarded to the complainant; the defendant was charged with the maintenance and support of said child, and ordered to "pay therefor, to said complainant, through the Prisoners' Aid Association, the sum of eight dollars per week, all subject to the further orders of this Court."

On April 25, 1945, Marian J. Leberstein filed a petition in the case, reciting the decree and alleging that 712 weeks had elapsed since the decree of October 7, 1926, up to the time that the minor child became self-supporting, and that the defendant paid on account of said decree only the sum of $125, leaving a balance of $5,571 unpaid. The petition prayed a "judgment" in that sum, and for other and further relief. A show cause order was signed on this petition, and the defendant appeared and filed a demurrer to the petition. After hearing, the Court overruled the demurrer, with leave to answer within ten days. From that order, the defendant has appealed to this Court.

We think that the order appealed from was interlocutory, and that the appeal is premature and should be dismissed. This was not a new bill, or supplemental bill based upon new matter. Compare *Borchert v. Borchert,* 185 Md. 586, 45 A. 2d 463. The defendant's liability to support was adjudicated in the original decree. The proceeding was simply for the purpose of converting overdue installments under the original decree into a lump sum so as to become a lien upon the property of the defendant and to facilitate execution or other action under Section 211, Article 16 of the Code, 1939. As was said in *Marshall v. Marshall,* 164 Md. 107, 116, 163 A. 874, 877: "Until the passage of an order determining the amount due and authorizing execution, the decree would not become a lien on the defendant's property, but would only have the effect of an adjudica-

tion of liabilities thereafter maturing at stated periods." See also *Bushman v. Bushman,* 157 Md. 166, 174, 145 A. 488, and *Dickey v. Dickey,* 154 Md. 675, 680, 141 A. 387, 58 A. L. R. 634. The cases of *Kriedo v. Kriedo,* 159 Md. 229, 150 A. 720, and *Carter v. Carter,* 156 Md. 500, 144 A. 490, are obviously not in point, since they did not involve this type of proceeding.

The order overruling the demurrer has not finally settled "any disputed right or interest of the parties." *Stockham v. Knollenberg,* 133 Md. 337, 341, 105 A. 305. In that case the appellee had obtained a decree for a definite sum, and issued a writ of *fieri facias* thereon which was returned *"nulla bona."* By petition, he sought to examine the appellant concerning his property and credits. The appeal was from an order overruling a demurrer to the petition, and the order was held interlocutory, on the ground that it was merely preliminary to further execution.

There is also an analogy to the case of *Sharp v. Bates,* 102 Md. 344, 349, 62 A. 747, 749, where it was held that a judgment by default is "merely interlocutory, and is not a lien until the amount is ascertained." The appeal was there dismissed. There is also an analogy to an order referring a case to an auditor. In *Miller's Eq.,* Sec. 311, it is said: "An order referring a case to an auditor to state an account preparatory to a final decree, but determining no right beween the parties, is not a final order," and see *Equitable Mutual v. Becker,* 45 Md. 632, 635.

We express no opinion, at this stage of the case, as to the contention that at least part of the claim is barred by limitations or laches. This contention does not go to the merits of the claim, but only to the amount; the question can best be determined by the chancellor in the light of the facts to be developed at the hearing. Until the amount is fixed no right of the parties is determined.

*Appeal dismissed, with costs.*