OLIN QUINLAN, Plaintiff, *v.* JOHN L. QUINLAN, Defendant.

Supreme Court, Special Term, Nassau County, December 29, 1953.

*Beals & Rossano* for plaintiff.

*Leo Preston Rood* for defendant.

CHRIST, J. The parties are residents of this State who were divorced *a vinculo matrimonii* by decree of Circuit Court No. 2 of Baltimore City, Maryland, on November 1, 1945. The validity of the divorce as between them is not questioned. The right of the plaintiff, however, to sue in this court to collect the unpaid installments provided to be paid under said decree for the infant child of the marriage is disputed. The decree of divorce contains the following provision: " And that said complainant shall pay said defendant the sum of $100. per month accounting from the date of this decree for the support of said child. All subject to the further order of the court in the premises."

It is conceded by the defendant that if plaintiff is to have judgment in this case, she may recover in the sum of $3,450, the amount of the unpaid installments.

It is claimed that the decree in Maryland is one which may be modified in that State retroactively and as such will not be enforced in the courts of the State of New York under the doctrine of *Rossi* v. *Rossi* (187 Misc. 543, affd. 269 App. Div. 821).

The Maryland courts under the laws of that State, have the right to modify retroactively an alimony provision in a decree for divorce. (*Winkel* v. *Winkel,* 178 Md. 489.)

In this case, however, we are not considering alimony payments but payments for the support of an infant child. Such payments are in a different class than payments for alimony and the distinction is clearly noted by the Court of Appeals of Maryland in *Langville* v. *Langville* (191 Md. 103), decided in 1948, when the court said at pages 110–111: "The decree created a debt, not an obligation to pay alimony. *Bauernschmidt* v. *Safe Deposit & Trust Co.,* 176 Md. 351, 4A. 2d 712; *Knabe* v. *Knabe,* 176 Md. 606, 6 A. 2d 366, 124 A. L. R. 1317; *Bushman* v. *Bushman,* 157 Md. 166, 145 A. 488."

Nevertheless, the *Langville* case holds that the decree was not a money decree and before execution could be had upon it, further proceedings would be necessary under the established practice. "The decree, however, was not a money decree. Before execution could be had upon it, further proceedings would be appropriate, under the established practice, 'for the purpose of converting overdue installments under the original decree into a lump sum so as to become a lien upon the property of the defendant and to facilitate execution or other action under Section 211, art. 16 of the Code.' *Leberstein* v. *Leberstein,* 186 Md. 25, 45 A. 2d 753. Compare *Marshall* v. *Marshall,* 164 Md. 107, 116, 163 A. 874."

So that although there is a difference between alimony and a payment for the support of a child, this distinction is not sufficient in the law of the State of Maryland to permit a recovery on behalf of the plaintiff. The decree alone is not enough. Something more is required in that State to permit collection under it as a money judgment.

The decree itself reserves the right to make a modification of it. Section 34 of article 16 of the Maryland law having to do with this subject provides that the court " shall also have power in all cases in which the care and custody of the children of parties forms part of the relief prayed whether a divorce is decreed or denied to order and direct who shall have the guardianship and custody of the children pendente lite or permanently, and be charged with their support and maintenance and may at any time thereafter annul, vary or modify such order in relation to the children."

These provisions show the right in the Maryland court to modify the decree retroactively and under the principles as laid down in *Sistare* v. *Sistare* (218 U. S. 1), the courts of this

State will not enforce the Maryland decree. (*Rossi* v. *Rossi*, 187 Misc. 543; *Gillespie* v. *Gillespie*, 186 Misc. 845; *Phelps* v. *Phelps*, 68 N. Y. S. 2d 650; *Johnson* v. *Johnson*, 196 Misc. 487.)

This constitutes the decision of the court as required in sections 439 and 440 of the Civil Practice Act.

Judgment for the defendant.